

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 21, 1958

General K. L. Berry
The Adjutant General of Texas
Austin, Texas

Opinion No. WW-394

Re: Under specified con-
ditions, can the
Adjutant General's
Department of Texas be
reimbursed for travel
funds expended from its
appropriation by the
Texas National Guard
Armory Board for the
services rendered by
employees of the Adju-
tant General's Depart-
ment in performing in-
ventories in completing
required reports on the
facility at Eagle Moun-
tain Lake, Texas, con-
veyed to the State of
Texas by Public Law 85-
258, Eighty-fifth Con-
gress, and related ques-

Dear General Berry:                      tions.

In your letter of February 27, 1958, you request our
opinion on three questions, substantially as follows:

(1)  Under the conditions as outlined in this
letter, can the Adjutant General's Depart-
ment of Texas be reimbursed for travel
funds expended from its appropriation by
the Texas National Guard Armory Board for
the services rendered by employees of the
Adjutant General's Department in perform-
ing inventories and completing required
reports on the facility at Eagle Mountain
Lake, Texas, conveyed to the State of
Texas by Public Law 85-258, Eighty-fifth

Congress?

(2) If your opinion to the question (1) above is in the affirmative, can the reimbursement be made from National Guard Armory Board local funds?

(3) Can any future travel expense incurred by employees of this department for the specific services rendered in connection with completion of inventories and condition report required by the Navy prior to the execution of the quit-claim deed covering the former United States Marine Corps Air Station at Eagle Mountain Lake to the State of Texas be paid by the Comptroller on travel vouchers processed and approved by the Texas National Guard Armory Board?

You state that prior to executing the quit-claim deed to the State of Texas, the Secretary of the Navy has stipulated certain reports and surveys of the premises be made in conformance with certain instructions and on certain forms specified by the Navy Department. However, you state the Armory Board does not have in its employ qualified inventory personnel to send to Eagle Mountain Lake for the purposes of conducting the joint survey and completing the report required by the Navy before the quit-claim deed is executed. You further state the Adjutant General's Department does have such qualified personnel who have already perfomed certain of these services referred to above, and it is anticipated that such personnel will complete the requirements in the future, but you state the Adjutant General's Department does not have sufficient appropriated funds to cover the travel expense of the employees necessary to complete such work and also perform other necessary departmental travel for the remainder of this fiscal year. Because you have made no mention of any existing inter-agency contract between the agencies effected for furnishing such services, we assume there is no such contract.

Within the general provisions of the appropriation bill (House Bill 133, Acts 55th Legislature, Regular Session) an agency may expend appropriated funds for travel expenses of its own employees incurred in the conduct of its authorized State business. However, before one agency may pay expenses of another agency, there must be specific authorization therefor. When such authorization exists, the availability of the receiving agency's appropriation to defray such expense is determined by ascertaining that the expense is incurred by permission of the receiving agency's department head for expenses incurred in performing such agency's duties--not by

the departmental connection of the person who incurs the expense in rendering the services. (Attorney General's Opinion No. O-2258, 1940). But we are unable to find authorization in the current appropriation bill for the specific payments herein questioned.

Section 5, Article VI, General Provisions, page 226, of the Supplement to House Journal, 55th Legislature, Regular Session, which is the text of House Bill 113, is not authority for reimbursement payments to be made between State agencies, but concerns how such payments shall be made, and appropriating to the receiving agency such reimbursement payments in order to authorize such receiving agency to expend such funds.

Therefore, we conclude there is no authorization for the Texas National Guard Armory Board to reimburse the Adjutant General's Department for travel expenses incurred by employees of such Department in accomplishing authorized State business, even though beneficial to such Board, absent specific authorization provided by law. Your three inquiries are answered in the negative.

## SUMMARY

There is no authority in the current appropriation bill for the Texas National Guard Armory Board to reimburse the Adjutant General's Department for expenses incurred by such Department's employees in inventory and surveying facilities at Eagle Mountain Lake, Texas, under the facts presented, absent a valid inter-agency contract for such services.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Tom I. McFarling
Assistant

TIM:wam

General K. L. Berry, Page 4   (WW-394)

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Marietta Payne

B. H. Timmins, Jr.

Fred Werkenthin

L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert